March 19, 1906.

————o————

No. 3821.

Court of Appeal, Parish of Orleans.

JOHN F. LINDNER VS. CITY OF NEW ORLEANS.

ON MOTION TO DISMISS.

Where in matters affecting appellate jurisdiction, the record is not silent as to value, no affidavits as to value will be received by this Court, they are admissible to fill a hiatus but not to contradict the record.

Appeal from Civil District Court, Division "D."

Theo. Cotonio, Plaintiff and Appellee.

St.Clair Adams, for Defendant and Appellant.

DUFOUR, J. Plaintiff moves to dismiss the appeal on the ground that this Court is without jurisdiction *ratione materiae* and he files in support thereof his affidavit that the property is worth $2,500.

The only evidence of value in the record is to be found in

the tax deeds to plaintiff which show that the property was bought by him from both State and City for a tax, the amount of which under the rate of taxation of which we may take judicial cognizance, would place the assessment value at about $300.

In the absence of other proof this must be accepted as a guide; if the value had enhanced at the time of trial, there was no attempt made to show it.

Where the record is not *silent* as to value, no affidavits will be received by this Court; they are admissable to fill a *biatus*, but not to contradict the record.

Motion denied.

March 19, 1906.

## ON THE MERITS.

1. The Plaintiff, claiming under tax titles filed this jactitation suit; the City answered avering her ownership of the property and thus becoming plaintiff in a petitory action. She offered no evidence to sustain her claim of ownership and judgment was properly given in favor of plaintiff.
2. In this Court the City has presented an affidavit and an act of purchase tending to show that the property had been dedicated to public uses before plaintiff's acquisition, and she asks that the cause be remanded to allow her to show this fact.
3. The fact that the City is in some sense to be regarded in the same light as a minor should induce Courts to extend to her in their discretion a more liberal protection than would fall to the lot of the ordinary litigant.

DUFOUR, J. The plaintiff filed this jactitation suit; the City answered, averring her ownership of the property and thus becoming plaintiff in a petitory action. She offered no evidence to sustain her claim of ownership and judgment was properly given in favor of the plaintiff.

The City appeals and the Assistant City Attorney in charge of the case says in his brief:

"The Lower Court rendered judgment in favor of the plaintiff, recognizing his pretended tax titles on a record made up between counsel for plaintiff and the writer of this brief, Assistant City Attorney, on representations made to him that the

City had no titles to the property, and that it was a tax case in which the City had no defense or interest; which representations were found to be correct, as the City owned the property as a public street.

The object of this appeal is to have your Honors remand the case, as a matter of justice and public policy. Inasmuch as this matter concerns the public welfare and interest, we do not believe that your Honors will refuse to grant this relief, because, if the plaintiff has a valid title to the property in question, another trial, with all the evidence bearing on the case in the record, can do him no injury."

He also presents an affidavit to the effect that the property in controversy "is now and has been since its acquisition by the City of New Orleans about the year 1901, part of a public street of the City of New Orleans, known as Leake Avenue, and it is now, and has been since the year 1901 public property of said City of New Orleans.

The City also produces in this Court a notarial act of sale to her of the property by one Young and one Trolter, of date August 31st, 1900.

This act recites that by virtue of an ordinance the property is "to be and remain perpetually dedicated to public use for street uses and purposes as provided by the ordinance."

The purchase price was paid by the Illinois Central R. R. Co. in consideration of the municipal grant and franchise which said railroad was to enjoy in the use of a portion of the premises conveyed in the act.

The tax sales by the State and City to plaintiff are clearly void so far as they relate to the property previously dedicated to public uses.

It is evident that, if the sale to the City be valid, the City Treasurer and Assistant City Attorney acted under a misapprehension in respectively selling the property and failing to urge the dedication.

For the error of fact of one or two of its numerous officers the municipality should not be allowed to suffer, and the circumsances herein disclosed strongly appeal to our discretionary

power of remanding in the interest of justice and the public welfare, to enable the City to present its case.

In State ex rel Howcott Land Co. vs. City, No. 2243 of our docket, we said:

"The fact that the City is in some sense to be regarded in the same light as a minor should induce Courts to extend to it in their discretion a more liberal protection than would fall to the lot of the ordinary litigant."

It is doubtless a hardship to inflict the expense of appeal on the appellee, but we have no option in the matter; the mandate of the law is imperative that the costs must follow the judgment.

In reference to the first motion to dismiss the appeal on the grounds suggested, we need say only that trying a rule to tax costs where the appeal is devolutive is not an acquiescence, even if the City Attorney could acquiesce, and that no rule of law known to us requires a resolution of the City Council for the purpose of taking an appeal.

Judgment reversed, and cause remanded to be tried according to law and the views herein expressed, the costs of appeal to be paid by appellee and those of the lower Court to await the final determination of the cause.

March 19, 1906.

Rehearing refused April 2, 1906.

Writ refused May 12, 1906.